In re VALLES MECHANICAL
INDUSTRIES, INC., Debtor.

Jerry T. HINSON, Trustee and Stock-
holder in Valles Mechanical
Industries, Inc., Plaintiff,

v.

VALLES MECHANICAL INDUSTRIES,
INC., and its Trustee, Robert
Trauner, Defendant.

Bankruptcy No. 81–02699A.
Adv. No. 82–0181A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

May 10, 1982.

Charles A. Ratz, Gray & Gilliland, Atlan-
ta, Ga., for plaintiff.

S. Lee Storesund, Atlanta, Ga., for Valles
Mechanical Industries, Inc.

Russell Thomas, Atlanta, Ga., for trustee.

ORDER

W. HOMER DRAKE, Bankruptcy Judge.

This case is before the Court on the plain-
tiff's motion for summary judgment and
the defendant/trustee's cross-motion for
summary judgment arising out of the plain-
tiff's complaint seeking dismissal of the
debtor's bankruptcy petition. On July 2,
1981, the above-referenced debtor/defend-
ant filed its petition for relief under Chap-
ter 7 of the Bankruptcy Code. The debtor's
petition was verified by James Rodney Wal-
lis as president of Valles Mechanical, Inc.
("Valles"). Mr. Wallis did not act at the
express direction of the debtor's Board of
Directors in filing this Chapter 7 petition.

On July 6, 1981, John E. Hill resigned
from his position as a Director of Valles.
That same date, Mary R. Wallis was elected
a Director of Valles for the unexpired term
of John E. Hill in accordance with Article
Three, Paragraph 4 of Valles' bylaws. A
special meeting of the Board of Directors of
Valles was held on July 6, 1981, by tele-
phone conference with James Rodney Wal-
lis, Mary R. Wallis, and S. Lee Storesund, at
which time the Board of Directors of Valles
directed the president of Valles to place
Valles into bankruptcy. (See Case No. 81–
02699A file, docket entry of July 7, 1981.
Minutes of July 6, 1981 Board of Directors
Meeting of Valles.)

The question before the Court is
whether a Board of Directors may ratify
the unauthorized act of its president in fil-
ing a petition in bankruptcy. The Court
agrees with the plaintiff's general state-
ment that management of a corporation is
vested, under Georgia law, in the board of
directors subject to the provisions of a cor-
poration's Articles of Incorporation, Bylaws,
or agreement between the shareholders.
The Court also agrees with the plaintiff's
assertion that "the power to authorize the
filing of a petition in bankruptcy on behalf

of Valles resides with its Board of Directors." (See Article 3, paragraph 1 of the Valles' Bylaws and plaintiff's Brief in Support of his Motion for Summary Judgment at pp. 3, 4.) However, this Court believes that the law is clear regarding the fact that the actions of a corporate officer acting without authority may be ratified by the Board of Directors after the fact. The leading case in support of this conclusion is *Boyce, et al. v. Chemical Plastics, Inc.*, 175 F.2d 839 (8th Cir. 1949); *cert. denied* 338 U.S. 828, 70 S.Ct. 77, 94 L.Ed. 503 (1949).

In *Boyce*, on October 19, 1948, an executive committee of the Board of Directors filed a petition in bankruptcy without the express authorization of the entire Board of Directors. On November 15, 1948, the Board of Directors of Chemical Plastics, Inc. ratified *nunc pro tunc* the earlier filing of the petition in bankruptcy. The Court's decision in *Boyce* was based on the fact that the Board of Directors could have initially authorized Chemical Plastics, Inc.'s filing of its petition in bankruptcy, and therefore that ratification of the filing of this petition was appropriate.

The instant case is directly analogous to *Boyce*. There is no question that Valles' Board of Directors could have authorized the filing of Valles' bankruptcy petition and that they intended to do this on July 6, 1981.

In an adversary proceeding related to the above-styled adversary proceeding, the attorneys for the defendant therein, Stephenson Associates, Inc., raised the issue of whether a ratification of the act of a board of directors also ratifies the unauthorized acts of a court. (See Brief in Opposition to Plaintiff's Motion for Summary Judgment in Adversary Proceeding No. 81–1437A.) In the case of *In re Mississippi Valley Utilities Corporation*, 2 F.Supp. 995 (D.Del.1933), the District Court held that whereas a board of directors could ratify the acts of an unauthorized officer, it could not ratify the unauthorized acts of a judge and a

judge cannot grant relief where the petition before him is invalid. This brings to focus a distinction between the current Bankruptcy Code, embodied in the Bankruptcy Reform Act of 1978, and the Bankruptcy Act which was in effect in 1933.

In 1933, the Bankruptcy Act provided for adjudication of a bankrupt by the Court. 2 *Collier on Bankruptcy* ¶ 18.42, p. 167 (14th ed.). It was not until 1959 that the practice of automatic adjudication by the filing of a petition was adopted. 2 *Collier on Bankruptcy* ¶ 18.02, p. 14 (14th ed.). Under the present law, 11 U.S.C. § 301 provides that the filing of a voluntary petition commences a voluntary case and constitutes an order for relief. This Code section clearly evidences the difference between modern bankruptcy practice and the law which was in effect in 1933 when *In re Mississippi Valley Utilities Corporation* was decided. It is apparent to this Court that *Boyce*, which was decided sixteen years after *In re Mississippi Valley Utilities Corporation*, took the holding in that case into account in reaching its decision. In any event, this Court is of the opinion that the fact that the Court no longer issues an order of adjudication sufficiently distinguishes the case *sub judice* from *In re Mississippi Valley Utilities Corporation.*

Therefore, for the above-stated reasons, the plaintiff's motion for summary judgment is denied and the defendant/trustee's motion for summary judgment is granted.

IT IS SO ORDERED.