**In the Matter of The RICHTER & PHILLIPS JEWELERS & DISTRIBUTORS, INC., Debtor.**

**The RICHTER & PHILLIPS JEWELERS & DISTRIBUTORS, INC., Plaintiff,**

v.

**DOLLY TOY COMPANY, Defendant.**

**Bankruptcy No. 1-83-0138.**

United States Bankruptcy Court, S.D. Ohio, W.D.

July 15, 1983.

---

Thomas R. Noland, Dayton, Ohio, for plaintiff.

Mark R. Chilson, Dayton, Ohio, for defendant.

## FINDINGS OF FACT, OPINION AND CONCLUSIONS OF LAW

RANDALL J. NEWSOME, Bankruptcy Judge.

This adversary proceeding is before the Court on a complaint filed by the trustee of this Chapter 11 case to avoid a preferential transfer under 11 U.S.C. § 547. Pursuant to a trial on the merits held on July 1, 1983, this Court hereby submits its Findings of Fact, Opinion and Conclusions of Law.

### Findings of Fact

1. On August 17, 1981, plaintiff submitted a purchase order to defendant for certain items of merchandise. (Plaintiff's Ex. 4).

2. On August 27, 1981, defendant acknowledged receipt of plaintiff's purchase order and agreed to ship the items listed on that order. Defendant also agreed to the "net 90 days" terms of payment suggested by plaintiff. (Plaintiff's Ex. 3) Defendant shipped the appropriate goods to plaintiff on August 27, 1981. The "net 90 days" payment schedule expired on November 25, 1981.

3. A check for $1323.60 as full payment for the goods ordered was received by defendant on December 2, 1981. Plaintiff's bank honored the check on December 3, 1981. (Plaintiff's Ex. 2). The parties agree that their transaction was in the ordinary

course of business or financial affairs of the plaintiff and defendant.

4. On February 18, 1982 plaintiff filed its Chapter 11 petition, some 77 days after the date when plaintiff's check to the defendant was honored.

5. On February 15, 1983, plaintiff filed a disclosure statement and plan of liquidation. A hearing to determine the propriety of the disclosure statement was held on March 24, 1983, at which time it was established that unsecured creditors would receive less than 100% of the amount of their claims under the terms of the liquidation plan. No objections to the disclosure statement were filed, and the Court approved it pursuant to 11 U.S.C. § 1125 at the conclu-

sion of the hearing. The liquidation plan was confirmed on June 27, 1983.

## Opinion

■ In order to prove the existence of a preferential transfer, the trustee is required to establish each of the elements set forth in 11 U.S.C. § 547(b) by a preponderance of the evidence. *In re Kelley,* 3 B.R. 651 (Bkrtcy.E.D.Tenn.1980) The Court finds that the trustee has met this burden of proof.

■ The evidence establishes that money was transferred to Defendant, one of plaintiff's creditors, on December 3, 1981, the date when the plaintiff's bank honored its check.[1] *In re Supermarket Distributors*

---

1. Over strenuous objections of counsel for defendant, this Court hereby admits all of the exhibits of the plaintiff. Plaintiff's Exhibit 2, a cancelled check from Richter & Phillips in the amount of $1323.60, payable to Dolly Toy, and drawn on the First National Bank of Cincinnati, was objected to on the grounds that the stamp on the back of the check reading "De '81' 03, Paid and Cancelled, First National Bank, Cincinnati, Ohio, Drawee Bank" was hearsay and non-admissible.

Under Bankruptcy Rule 917, the Federal Rules of Evidence apply to Bankruptcy proceedings. Rule 1002 of the Rules of Evidence requires the production of the original of a document when the contents of the document are sought to be proved. Plaintiff proffered the original check. Under Rule 902(9), commercial paper is self-authenticating. Thus, extrinsic evidence of the authenticity of the check was not necessary as a condition precedent to its admissibility. Fed.R.Evid. 902.

Counsel for defendant insists, however, that no exception exists for admitting the statement stamped on the back of the check. We disagree. The general rule excluding hearsay statements developed as a means of ensuring the trustworthiness of evidence admitted. 4 *Weinstein's Evidence* ¶ 800[01], p. 800–9 (1981). To exclude from evidence a highly reliable, highly probative instrument, with no allegation that it is in any way suspect, would ignore both the purposes of the Rules and common sense. (*See, U.S. v. Manton,* 107 F.2d 834 (2d Cir. 1939), *cert. denied* 309 U.S. 664, 60 S.Ct. 590, 84 L.Ed. 1012 (1940), admitting photostatic copies of paid checks whose accuracy was not questioned. "They represent, in the course of a year, perhaps millions of transactions. No one at all familiar with bank routine would hesitate to accept them as practically conclusive evidence. As proof of payment, they constitute

not secondary but primary evidence." *Id.* at 844, 845.

Under Ohio law, a check is deemed paid when the process of posting is complete. O.R.C. § 1304.19 (U.C.C. § 4–213). Among the methods which may be used by a payor (drawee) bank to complete posting is the "affixing [of] a 'paid' or other stamp." O.R.C. § 1304.01(A)(18)(c) (U.C.C. § 4–109(c); *Gibbs v. Gerberich,* 1 Ohio App.2d 93, 30 Ohio Op.2d 113, 203 N.E.2d 851 (Ct.App. Medina 1964).

Defendant argues, however, that a representative from the bank in question should have been available to testify and be cross-examined as to what the stamp on the check means and whether it was placed on the check in the course of regularly conducted business, and that, in the absence of such representative, the Rule 803(6) business records exception to the hearsay rule is not applicable. The question of whether the proponent of materials sought to be qualified under Rule 803(6) may meet his burden without introducing testimony of the "custodian or other qualified witness" was dealt with squarely in *Zenith Radio Corp. v. Matsushita Elec. Ind. Co.,* 505 F.Supp. 1190 (E.D.Pa.1980). In deciding that live testimony will not be required in every case, the Court held that "we opt for the view that the testimony of the custodian or other qualified witness is not a *sine qua non* of admissibility in the occasional case where the requirements for qualification as a business record can be met by documentary evidence . . ., i.e., by circumstantial evidence . . ." The Court went on to hold that to meet this burden, plaintiffs must show a regularity of practice in some precise and explicit manner, "either by external evidence or from the documents themselves plus surrounding circumstances." *Id.* at 1236.

We believe plaintiff has met this burden, particularly in light of the state statutes regulating banking practices. As the Court in *Taylor v.*

*Corp.* 25 B.R. 63 (Bkrtcy.D.Mass.1982); *In re Mindy's, Inc.,* 17 B.R. 177 (Bkrtcy.S.D. Ohio 1982).

■ The transfer of funds was on account of an antecedent debt, since the "net 90 days" terms of payment constitutes a credit transaction, not a contemporaneous transfer. *In re Advance Glove Mfg. Co.,* 25 B.R. 521, 523 (Bkrtcy.E.D.Mich.1982). It is equally apparent that the transfer was made while debtor was insolvent. Plaintiff's check was honored within the 90 day period prior to the filing of Plaintiff's bankruptcy petition. The debtor is presumed to be insolvent within 90 days prior to the filing of the petition and no evidence has been presented to rebut this presumption. See, 11 U.S.C. § 547(f).

Finally, the trustee has established that the creditor received more from the transfer than it would have received in a Chapter 7 liquidation or under any of the applicable provisions of the Code. Defendant received full payment for the goods sold to the plaintiff, but would certainly receive less than full payment under the liquidation plan confirmed by this Court.

■ Defendant alleges that it is entitled to the benefit of the "ordinary course of business" exception to the trustee's avoiding powers found in 11 U.S.C. § 547(c)(2). In order to prevail under that provision, the creditor must prove each of the four elements of the statute by a preponderance of the evidence. *In re Saco Local Development Corp.,* 25 B.R. 876, 879 (Bkrtcy.D.Me. 1982). Defendant has failed in its burden as to at least one of those prerequisites, that set forth in § 547(c)(2)(B). That section requires that the transfer be made no

later than 45 days after the debt was incurred. Defendant alleges that the debt was "incurred" on November 25, 1981, the last day for payment under the "net 90 days" terms and that payment was received on December 3, 1982, well within the 45 day period under § 547(c)(2)(B).

■ It is well-established that a debt is incurred for purposes of this provision at the time when debtor acquires a property interest in the consideration that gave rise to the debt. It is equally well-established that such property interest arises at the time when the goods are delivered, shipped or identified to the contract, *not* at the time payment is due or the invoice is sent. *See, e.g., In re Caro Products, Inc.,* 23 B.R. 245 (Bkrtcy.E.D.Mich.1982); *In re Fabric Buys of Jericho, Inc.* 22 B.R. 1013 (Bkrtcy.S.D.N. Y.1982); *In re Valles Mechanical Industries,* 20 B.R. 350 (Bkrtcy.N.D.Ga.1982); *In·re Brown,* 20 B.R. 554 (Bkrtcy.S.D.N.Y.1982); 4 *Collier on Bankruptcy* ¶ 547.38 (15th Ed. 1979).

The goods here in question were identified to the contract and shipped on August 27, 1981. The preferential transfer occurred on December 3, 1982, over three months after the debt was incurred. Accordingly, the defendant cannot prevail under § 547(c)(2).

For the above stated reasons, judgment is hereby rendered in favor of the plaintiff on his complaint for recovery of a preferential transfer under § 547.

### Conclusions of Law

1. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1471(a) and the December 23, 1982

---

*Baltimore & Ohio Railroad Co.* stated so succinctly, "It would ill become a court to say that the regular making of reports required by law is not the regular course of business." 344 F.2d 281, 285 (2d Cir.1965), *cert. denied* 382 U.S. 831, 86 S.Ct. 72, 15 L.Ed.2d 75 (1965).

Assuming, arguendo, that Rule 803(6) is not applicable in this situation due to the absence of a bank employee to testify to the meaning and method of stamping "Paid" on the check, we would nevertheless admit the check into evidence under Rule 803(24). We believe there is a circumstantial guarantee of trustworthiness in that the "Paid" stamp does not appear to be a product of faulty perception, memory or meaning. The check was offered as evidence of a material fact and is more probative on the issue of whether the bank paid the check than the plaintiff could have produced by other reasonable methods. The defendant had notice the check was going to be offered into evidence. Finally, to refuse to admit the check would thwart the general purposes of the Rules and the interests of justice. Fed.R.Evid. 102. 4 *Weinstein's Evidence* ¶ 803(24)[01], p. 803–286 (1981).

Order of the United States District Court for the Southern District of Ohio, re: Operation of the Bankruptcy Court System.

2. Plaintiff has established by a preponderance of the evidence each of the elements of a preferential transfer set forth in 11 U.S.C. § 547(b).

3. Defendant has failed to establish by a preponderance of the evidence that the transfer was "made not later than 45 days after such debt was incurred" under § 547(c)(2)(B).

4. It is therefore ORDERED that judgment be entered in favor of the plaintiff in the amount of $1323.60. Costs are awarded to plaintiff.

IT IS SO ORDERED.