**In re HARTWIG POULTRY, INC., Debtor.**

**HARTWIG POULTRY, INC., Plaintiff,**

**v.**

**C.W. SERVICE, et al., Defendants.**

Bankruptcy No. 84–0256.
Related Case 82–02227.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Jan. 24, 1986.

John J. Hunter, Toledo, Ohio, for plaintiff.

Lawrence Gibson, Toledo, Ohio, for Defendants.

### MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion For Summary Judgment filed

by the Plaintiff against the Defendant Dearborn Chemical Co. The parties have submitted their arguments regarding the merits of the Motion and have had the opportunity to respond to the arguments made by opposing counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion For Summary Judgment should be GRANTED.

## FACTS

The facts in this case do not appear to be in serious dispute. On or about June 15, 1982, the Defendant, Dearborn Chemical Co. (hereinafter Dearborn) shipped certain items which the Debtor-In-Possession had ordered. These items were to be used in the Debtor-In-Possession's business operations. On or about June 16, 1982, Dearborn shipped additional items to the Debtor-In-Possession. The exact nature of the shipments is not clear. As the result of each shipment an invoice was generated by Dearborn and sent to the Debtor-In-Possession. The total purchase price of both shipments was Seven Thousand Six Hundred Twenty-three and 05/100 Dollars ($7,623.05). On July 21, 1982, the Debtor-In-Possession executed a check in the amount of both sales to Dearborn. It does not appear that the check was mailed to Dearborn until August 1, 1982. A review of the check finds that it was negotiated by the drawee bank on August 9, 1982.

On October 19, 1982, the Debtor-In-Possession filed its voluntary Chapter 11 Petition with this Court. In an effort to collect assets for the estate the Debtor-In-Possession initiated this adversary action, wherein it is alleged that the payment to Dearborn was an avoidable preferential transfer pursuant to the provisions of 11 U.S.C. Section 547. In support of its Motion For Summary Judgment the Debtor-In-Possession has offered the affidavit of counsel for the Debtor-In-Possession and copies of the Debtor-In-Possession's schedules of debts. In that affidavit it is averred that the approximate assets of the estate will total One Hundred Eighty-six Thousand and no/100 Dollars ($186,000.00). A review of the schedules reflects that the Debtor-In-Possession has liabilities which approximate One Million Eight Hundred Thousand and no/100 Dollars ($1,800,000.00). Dearborn opposes the Motion For Summary Judgment by arguing that this transfer falls within the "business expense" exception provided under 11 U.S.C. Section 547(c). In making that argument, Dearborn asserts that less than forty-five (45) days elapsed between the creation of the debt and the payment therefore. This assertion is based upon the additional contention that the date of transfer is the date on which the check was issued and delivered to Dearborn.

## LAW

Prior to the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353, the provisions of 11 U.S.C. Section 547 stated in pertinent part:

(b) ... the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of the creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition;

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

(c) The trustee may not avoid under this section a transfer—

(2) to the extent that such transfer was—

(A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made not later than 45 days after such debt was incurred;

(C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(D) made according to ordinary business terms.

The pre-amendment version of that section is applicable to this adversary proceeding, inasmuch as the Chapter 11 case was filed prior to the effective date of the the the amendments. *See,* P.L. 98–353 Section 553(a).

Under these provisions, a trustee or a debtor-in-possession, *see,* 11 U.S.C. Section 1107, may avoid the transfer of an interest of the debtor in property which was made to a creditor on account of an antecedent debt within ninety (90) days prior to the petition if the debtor was insolvent at the time of the transfer and if the transfer enables the creditor to receive more than they would have received in a Chapter 7 proceeding had the transfer not been made. *Allison v. First Nat. Bank & Trust Co. (In re Damon),* 34 B.R. 626 (Bkcy.D.Kan. 1983).

A trustee cannot avoid a transfer to the extent it was payment of an ordinary business expense which was incurred within forty-five (45) days prior to the time the transfer was made. *Quinn v. TTI Distribution Corp. (In re Moran Air Cargo, Inc.),* 30 B.R. 406 (Bkcy.R.I.1983). In that regard, it is generally held that when a transfer to a creditor is accomplished by check, the transfer does not occur until the check is honored by the drawee bank. *See, Harris v. Harbin Lumber Co. of Royston, Inc. (Matter of Ellison),* 31 B.R. 545 (Bkcy. M.D.Ga.1983).

A party is entitled to a summary adjudication if they can demonstrate that there are no genuine issues as to any material fact and that they are entitled to judgment as a matter of law. *See,* Bankruptcy Rule 7056, Federal Rules of Civil Procedure 56. However, a plaintiff must be able to demonstrate all elements of a cause of action in order to prevail. *See, Chalmers v. Benson (In re Benson),* 33 B.R. 572 (Bkcy.N.D.

Ohio 1983), *Simmons v. Landon (In re Landon),* 37 B.R. 568 (Bkcy.N.D.Ohio 1984).

A review of the facts finds that the Debtor-In-Possession transferred monies to Dearborn on account of a debt that arose approximately two (2) months earlier. Such a transfer constitutes a payment to a creditor on account of an antecedent debt. The facts also show that the transfer was made within ninety (90) days of the filing of the Debtor-In-Possession's Petition. A further review of the facts finds that the transfer enabled Dearborn to receive more than it would have received had the transfer not been made. As a result of the transfer, Dearborn received the total amount of what it was owed. However, the affidavit and the schedules reflect that had the Debtor-In-Possession been liquidated, Dearborn, a general unsecured creditor, would have received approximately ten percent (10%) of its claim. Therefore, in view of the presumption of insolvency, *see,* 11 U.S.C. Section 547(f), it must be concluded that all the elements of an action to recover a preferential transfer have been shown. It also must be concluded that in the absence of a viable defense, there are no questions of material fact and that the Debtor-In-Possession is entitled to judgment as a matter of law.

Dearborn has argued that the transfer falls within the exception provided by 11 U.S.C. Section 547(c) by virtue of the fact that the transfer was made within forty-five (45) days of the time the debt was incurred. This contention is made as a result of the fact that the check was executed and purportedly delivered within the forty-five (45) days period. Dearborn argues that execution and delivery constitute a transfer within the meaning of 11 U.S.C. Section 547(b).

It is well established that a debt is created at the time the debtor becomes legally obligated to pay for whatever value is received. *See, Richter & Phillips Jewelers & Distributors, Inc. v. Dolly Toy Co. (Matter of Richter & Phillips Jewelers & Distributors, Inc.),* 31 B.R. 512 (Bkcy.S.D.Ohio

1983). However, there appears to be a split of authority as to when a transfer is made when it is accomplished by check. As suggested by Dearborn, it is the time the check is delivered. *See, Rovzar v. Biddeford & Saco Bus Garage, Inc. (In re Saco Local Development Corp.)*, 25 B.R. 876 (Bkcy.Me.1982). This view is subject to an additional split of authority. One argument is that delivery is considered the date of transfer if the check is not subsequently dishonored by the drawee bank. *See, Rovzar v. Biddeford & Saco Bus Garage, Inc.*, supra. The other argument is that delivery is the date of transfer if the check is "perfected" (honored by the drawee bank) within ten (10) days from the time it is delivered. *See, Ray v. Gulf Oil Products (In Re Blanton Smith Corp.)*, 37 B.R. 303 (Bkcy.M.D.Tenn.1984).

However, this Court regards the proper rule to be that a transfer is not made until such time as the drawee bank honors the check and debits the debtor's account. The position of this Court has been supported in numerous decisions, despite the language contained in the legislative history to 11 U.S.C. Section 547. *See for example, Weinberg v. Mertz Corp. (In re Staveco Electrical Const., Inc.)*, 48 B.R. 247 (Bkcy. N.J.1985), *Naudain, Inc. v. Schaad Detective Agency (In re Naudain, Inc.)*, 32 B.R. 875 (Bkcy.E.D.Pa.1983), *Harris v. Harbin Lumber Co. of Royston, Inc.*, supra, *Matter of Duffy*, 3 B.R. 263 (Bkcy.S.D.N.Y. 1980). These decisions have resulted from the well established principle that a check is not an assignment of funds held in a bank. Rather, it is merely an order for the drawee bank to pay the check upon proper presentment. *See, Harris v. Harbin Lumber Co. of Royston, Inc.*, supra at 547, *see also,* Ohio Revised Code Section 1303.45. The decisions have also reasoned that the issuance of a check does not divest a debtor of control of funds which purport to cover an instrument. At any time between issuance and presentment of a check, a debtor has the opportunity to withdraw the funds in the account or to stop payment on the check. This degree of control is inconsistent with the assertion that a transfer of funds has occurred when a check has been delivered. A transfer of property contemplates that the debtor has lost all dominion and authority over the property. If a debtor retains the right to control the disposition of funds, despite the fact that a check has been written against them, then it cannot be said that the debtor has lost its dominion over those funds. Therefore, this Court must continue to conclude that for purposes of 11 U.S.C. Section 547(c)(4) a transfer occurs at the time a check is honored by the drawee bank.

In view of this holding, it appears in the present case that the time which elapsed between the creation of the debt and the debiting of the Debtor-In-Possession's account was more than forty-five (45) days. Therefore, since Dearborn will be unable to satisfy all the elements of the business expense defense, it cannot prevail thereon. It should be noted that even if the Court were to accept Dearborn's contention as to the time of transfer, Dearborn has presented no evidence as to whether this transaction was made in the ordinary course of the Debtor-In-Possession's business and made according to ordinary business terms. In the absence of evidence which would raise questions of material fact on those issues, Dearborn would not be entitled to prevail on its defense. Accordingly, it must be concluded that the Debtor-In-Possession, having already satisfied its burden in this cause, is entitled to judgment as a matter of law.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion For Summary Judgment be, and is hereby, GRANTED.

It is FURTHER ORDERED that Judgment be, and is hereby, GRANTED to the Plaintiff against the Defendant Dearborn Chemical Co., in the amount of Seven Thousand Six Hundred Twenty-three and 05/100 Dollars ($7,623.05).