**In the Matter of Louise ISAACS, Debtor.**

**THOMSON–MACCONNELL CADILLAC, INC., Plaintiff,**

v.

**Louise ISAACS, Defendant.**

**Bankruptcy No. 1–81–00143.
Adv. No. 1–81–186.**

United States Bankruptcy Court, S. D. Ohio, W. D.

Nov. 12, 1981.

Ronald A. Lipez, Cincinnati, Ohio, for debtor-defendant.

David S. Levine, Cincinnati, Ohio, for creditor-plaintiff.

## ORDER DETERMINING DEBT TO BE DISCHARGEABLE

L. C. GARTNER, Bankruptcy Judge.

This cause came on to be heard upon the complaint filed by a creditor, Thomson-Mac-Connell Cadillac, Inc., on June 12, 1981 to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523; upon the answer of the debtor, Louise Isaacs, filed on July 1, 1981; upon the testimony, evidence and the law.

Debtor's petition for relief lists an unsecured debt to creditor in the amount of $2,000.00. Such debt arose from a transaction entered into in May, 1980 by the parties herein, whereby creditor leased to debtor a 1980 Cadillac automobile. Creditor contends that the debtor obtained the lease by submitting a materially false financial statement upon which creditor reasonably relied and therefore seeks to have such debt determined to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).

The standard of proof of each of the required elements in this section is by clear and convincing evidence. *In Re Campbell*, No. 56018 (S.D.Ohio, 1972). In this instance, the creditor does not meet the challenge to support such a conclusion.

Creditor herein has not demonstrated effective and reasonable reliance merely by showing that the application for the lease and financial statement (Plaintiff Ex. 1) was partially used to support creditor's action. See, *In Re Whiting*, 10 B.R. 687, 4 C.B.C. 543 (Bkrtcy.E.D.Penn.1981). Actually, the document form itself is somewhat confusing, so that it is difficult to determine if it is a financial statement. The financial information must be the backbone of the issuance of credit, even though the creditor makes other independent credit inquiries.

The disclosure of Mrs. Isaacs was sketchy, but the lessor suggested that it had other means of gathering data—hence, the subject was not heavily emphasized. Before granting the lease, creditor ran a credit check through G.M.A.C.

In addition, plaintiff has not demonstrated that defendant possessed an intent to deceive. Creditor contends that defendant's failure to list a $40,000.00 tax liability on the lease application supports a determination of non-dischargeability. Creditor's application requests only a listing of credit references and installment obligations. No guidelines existed nor did plaintiff request that tax liabilities or any other kind of liability be listed.

From debtor's point of view, the tax assessment is not in the same category of debts as those requested and there was a good question of her responsibility for it. Her understanding (unrefuted) of such liability is that it is mostly her husband's.

Accordingly, the debt of Louise Isaacs to Thomson-MacConnell Cadillac, Inc. in the amount of $2,000.00 is determined to be dischargeable.

IT IS SO ORDERED.