In re John Louis ARDELEAN, Debtor.

**FIRST SECURITY BANK OF FOX VALLEY, Plaintiff,**

v.

**John Louis ARDELEAN, Defendant.**

**Bankruptcy No. 80 B 15960.
Adv. No. 81 A 413.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

March 15, 1983.

Warren E. Crabill, Roscich & Crabill, Naperville, Ill., for the Bank.

John Ruddy, Ruddy, Myler, Ruddy & Fabian, Aurora, Ill., for debtor.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This action came to be heard on plaintiff First Security Bank of Fox Valley's complaint to determine dischargeability of debt owed by the debtor, John Ardelean. The court having heard testimony from plaintiff and defendant and having reviewed the pleadings and transcript of the proceedings, holds that the debt is non-dischargeable in bankruptcy under 11 U.S.C. § 523 and enters judgment in favor of the plaintiff in the amount of $7,750 plus accrued interest.

## FACTUAL BACKGROUND

On or about May 16, 1979 the debtor applied for a $10,000 90-day unsecured loan from the plaintiff, First National Bank of Fox Valley. To obtain this loan the debtor filled out a financial statement disclosing his income, assets and liabilities. The application was accepted by the bank and the funds were disbursed on May 17, 1979. The debtor renewed the loan December 10, 1979, March 10, 1980 and September 6, 1980, with a total reduction in principal of $2,250. Debtor filed a Chapter 7 petition under the Bankruptcy Code on December 3, 1980. On February 4, 1981 the plaintiff filed its complaint to determine the dischargeability of this debt under 11 U.S.C. § 523 alleging that the debtor obtained the loan through the use of a false financial statement which plaintiff reasonably relied on and that said loan was obtained by fraud.

## DISCUSSION

The question presented is whether or not all the elements of 11 U.S.C. § 523(a)(2)(A) or (B) have been satisfied so that the debt at issue is to be determined to be non-dischargeable. Section 523(a)(2)(B) provides:

(a) A discharge under section 727, 1141 or 1328(b) does not discharge an individual debtor from any debt

(2) for obtaining property, services, or extension renewal, refinance of credit by

(B) use of a statement in writing

   i) that is materially false

   ii) respecting the debtor's or an insider's financial condition

   iii) on which the creditor to whom the debtor is liable for obtaining such money, property or services reasonably relied, and

   iv) that the debtor caused to be made or published with the intent to deceive.

In order to establish a prima facie case of non-dischargeability based on 11 U.S.C. § 523(a)(2)(B), the requesting party must satisfy the burden of proof to establish each element of the section by clear and convincing evidence. *In re Klein,* 20 B.R. 119 (Bkrtcy.E.D.Pa.1982), *In re Lowinger,* 19 B.R. 853 (Bkrtcy.S.D.Fla.1982), *In re Russell,* 18 B.R. 325 (Bkrtcy.E.D.Pa.1982), *Matter of Isaacs,* 15 B.R. 210 (Bkrtcy.S.D. Ohio 1981).

Elements 1 and 2 of Section 523(a)(2)(B) were clearly established by the bank and the main issue for the court to decide in order to find the debt non-dischargeable is whether or not the bank relied on debtor's financial statement as required by 523(a)(2)(B)(iii). Partial reliance on a false representation in connection with extension of credit has been held to be an adequate basis to prevent discharge of the underlying debt. *Bazemore v. Stehling,* 396 F.2d 701, 703 (5th Cir.1968), *Wylie v. Ward,* 292 F.2d 590, 592 (9th Cir.1961), *Rogers v. Gardner,* 226 F.2d 864, 867 (9th Cir.1955), *Banks v. Siegel,* 181 F.2d 309, 310 (4th Cir.1950). Although the Code requires that the false financial statement be *reasonably* relied on by the creditor before the underlying debt will be declared to be non-dischargeable, the 7th Circuit Court of Appeals of *In the Matter of Garman,* 643 F.2d 1252 (1980) enunciated a liberal standard of reasonableness.

The word reasonable is not self defining and the courts have employed a case by case approach to determine whether a creditor's reliance on a false financial statement is reasonable. Accordingly, reliance is unreasonable when the creditor knew from the onset that the financial statement was inaccurate; *In re Houk,* 17 B.R. 192, 195–96 (Bkrtcy.D.S.D.1982); when the financial statement does not contain sufficient information to portray realistically the debtor's financial status, *In re Magnussen,* 14 B.R. 662, 668–69 (Bkrtcy.N.D.N. Y.1981); or when the creditor's investigation suggests that the financial statement is inaccurate. *In re Smith,* 2 B.R. 276, 79 (Bkrtcy.E.D.Va.1980).

An emerging standard to determine whether the creditor's reliance is reasonable is to compare the creditor's actual conduct to the creditor's own business practice and standards and customs of the industry, in light of the surrounding circumstances existing at the time the application was made and credit extended. *In the Matter of John Henry Patch IV,* 24 B.R. 563, 9 B.C.D. 1269 (D.C.D.Md.1982). The debtor argues here that because the financial statement was executed only one day prior to the loan disbursement, the bank did not rely on this statement. However, in unimpeached testimony an officer for the creditor stated that on small loans like the one in issue, the bank normally gets a twenty four hour answer back to the customer. Therefore, the speed with which the loan was disbursed was not inconsistent with normal bank policy.

The debtor also contends that the creditor did not rely on the false financial statement because the creditor did not total the assets and liabilities in writing on the financial statement. In response, the creditor relies on the evidence that it was not normal banking practice for an officer of the bank to touch a financial statement for fear that the bank officer would alter or misrepresent it. Therefore, the court finds debtor's contention in regard to the totalling on the statement to be of no significance.

Some courts have held that failure to verify information on a financial statement renders reliance on that statement unreasonable. *In re Breen,* 13 B.R. 965 (Bkrtcy. S.D.Ohio W.D.1981). "A creditor who ignores available information from sources that are commonly used should not be heard to complain about debtor's fraud. It is the creditor's failing to comport with normal business practices, not the debtor's fraud that is the true cause of the loss." Zartesky, *The Fraud Exception to Discharge Under the New Bankruptcy Code,* 53 Am. Bankr.L.J. 253, 262 (1979).

In this situation, the bank officer testified that as a part of normal banking practice, a credit check was run on the

debtor. The credit check revealed no inconsistencies with the debtor's financial statement. Therefore, creditor fulfilled its obligation to verify the information given to it and its reliance on the financial statement may be deemed reasonable.

Finally, debtor's contention that the loan was given to him as an inducement to obtain deposits of city funds because of debtor's position as city councilman for Aurora, Illinois is not supported by the evidence. Debtor himself testified that he had no control over where the city deposited its funds and so informed the bank of these facts.

In conclusion, the creditor has shown reasonable reliance on the debtor's false financial statement as required by 523(a)(2)(B)(iii). The bank followed usual business practices in granting this loan. Furthermore, the fourth element of section 523(a)(2)(B), intent to deceive, has also been satisfied. The debtor's testimony clearly indicates that his intentions were not entirely honorable. For example, debtor testified that he failed to reveal a $50,000 liability because he forgot its existence. However, the debtor also testified that he wrote a $9,000 check to that same creditor on the very day he filled out the financial statement for the plaintiff. Therefore, debtor's lapse of memory regarding the $50,000 liability is questionable to say the least.

The court finds that all of the elements of 523(a)(2)(B) have been proven and the debt at issue is non-dischargeable. The court makes no ruling on plaintiff's 523(a)(2)(A) fraud claim since it has found the debt to be non-dischargeable under 523(a)(2)(B).

WHEREFORE, IT IS HEREBY ORDERED that the debt at issue is non-dischargeable under 11 U.S.C. § 523 and judgment is entered in favor of the plaintiff in the amount of $7,750 plus accrued interest.