In re Helen J. LANDON, Debtor.

Charles & Thena SIMMONS, Plaintiffs,

v.

Helen J. LANDON, Defendant.

Bankruptcy No. 83–0146.
Related Case 82–02136.

United States Bankruptcy Court,
N.D. Ohio, W.D.

March 8, 1984.

J.W. Rogers, Marion, Ohio, for plaintiffs.

Malcolm L. Goodman, Marion, Ohio, for defendant.

## ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before this Court for Trial on the Complaint to Determine Dischargeability filed by the Plaintiff-Creditor. The Court has reviewed the testimony offered at that Trial as well as the arguments presented by counsel on behalf of their respective clients. Based upon that review and for the following reasons the Court finds that the debt in question is dischargeable.

## FACTS

On October 30, 1980, the Plaintiffs executed a land contract for the purchase of real estate from the Debtor-Defendant. Pursuant to the provisions of Ohio Revised Code § 5313.02, the contract contained a statement as to encumbrances against the property to be sold. This statement indicated that only one mortgage was currently in effect, that being in favor of Marion Federal Savings and Loan. Subsequent to the execution of the contract the Plaintiffs occupied the property and began making their payments to the Debtor who, in turn, serviced the mortgage with Marion Federal Savings and Loan.

Unbeknownst to the Plaintiffs, the Debtor had, on August 8, 1980, executed a second mortgage on this same parcel of property. This mortgage secured a Fifteen Thousand and no/100 Dollar ($15,000.00) promissory note in favor of The Fahey Banking Company. On June 16, 1982, the Fahey Banking Company filed a foreclosure action against both the parties in the present case. After the Debtor had filed her Petition on October 4, 1982, the property was abandoned from the estate. A judgment was filed on January 4, 1983, in that state court action, and on March 17, 1983, an Order of Confirmation of Sale was entered. The Plaintiffs vacated the property on or about the day the sheriff's sale was confirmed. They now seek to have the debt they are owed declared nondischargeable.

At Trial, the Debtor testified that at the time she executed the contract, she did not believe that the second mortgage had a material effect on the transaction between herself and the Plaintiffs. She also testified that because of other circumstances in her personal affairs she was incapable of exercising sound business judgment. Although she remembered that the second mortgage had been given, she indicated that she did not have an intent to deceive the Plaintiffs as to the existence of other encumbrances or the value of the property.

The Plaintiffs testified that at the time of the closing with the debtor, they were

licensed by the State of Ohio as real estate salespersons and that they worked for a well known real estate agency. They both indicated that they did not have a search of the property's title done prior to execution of the contract and that they had not purchased title insurance. They offered as reasons for these failures the fact that they relied on the Debtor's good reputation and her representation that only one encumbrance against the property existed. This reliance was given despite the fact that they had not met the Debtor prior to the closing of the contract.

### LAW

Although not specifically set forth in the Complaint, the Plaintiffs appear to base their allegation of non-dischargeability on the provisions of 11 U.S.C. § 523(a) which state in pertinent part:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition..."

Specifically, the Plaintiffs allege that the Debtor's failure to disclose the second mortgage constitutes a false representation and fraud within the meaning of the Bankruptcy Code.

■ In order to demonstrate fraud or a false representation, a plaintiff must prove: 1) that the defendant made a representation, 2) that the defendant knew the representation to be false, 3) that it was made with the intent to deceive, 4) that the plaintiff reasonably relied on the representation, and, 5) that a loss was sustained as a result of the reliance. *In re Benson*, 33 B.R. 572 (Bkrtcy.N.D.Ohio 1983). In order to fulfill the element of reliance, it must be shown that under the facts and circumstances, the plaintiff's trust in the representation was reasonable. *In re Ardelean*, 28 B.R. 299 (Bkrtcy.N.D.Ill.1983). In Ohio, a person is

required to exercise proper vigilance in a transaction and to avail themselves of information which is easily accessible to them. 24 Ohio Jur.2d *Fraud and Deceit* § 136. Where representations are made regarding certain aspects of a real estate transaction which are subject to inspection and verification by the purchaser, and where they have had an opportunity to investigate, a purchaser will not have a cause of action for fraud even though the representations are untrue. *Traverse v. Long*, 165 Ohio St. 249, 134 N.E.2d 256 (1956), *Ralston v. Grinder*, 8 Ohio App.2d 208, 221 N.E.2d 602 (1966).

In the present case, it is apparent that the Debtor made a representation to the Plaintiffs, and that the representation was materially false. The terms of the contract and the existence of the second mortgage are not in dispute. It is also apparent that the Plaintiffs have sustained the loss of their downpayment, their monthly payments, and their possession of the house. Therefore, the only elements of fraud in dispute in this case are the intent to deceive and reliance.

■ Despite the fact that the Debtor has claimed that she maintained no wrongful motive, the Court cannot accept her statement that she was not cognizant of the second mortgage at the time she had the contract of sale written. Although she claims to have either not remembered the second mortgage or believed it to be of no consequence to the transaction, the fact that the mortgage was given only two months prior to the sale leads this Court to discount such testimony. The Debtor testified that she was an experienced business woman and was familiar with transactions in real estate. As such, she had to be or should have been aware of the effects a second mortgage would have on the marketability of a parcel of property. Therefore, her failure to disclose the second mortgage expressed an intent which is sufficient to satisfy the fourth element of fraud, that of wrongful intent.

It is, however, axiomatic that all elements of a cause of action must be proven

in order to prevail in that action. The Plaintiffs both testified that at the time of the transaction involving the sale of the house, they were licensed real estate salespersons. As such, they were, or should have been aware of the means by which to verify title to real estate and to insure against a disturbance of title. Both the Plaintiffs testified that they recognize a title search to be an easy process and the minimal standard required by the real estate industry when a purchase of real estate is to be conducted. They also both testified that if they had represented a buyer under circumstances similar to those in this case, they would have recommended a title search prior to a consumation of the sale. There has been no showing that if a title search had been done that the second mortgage would not have appeared. Therefore, the Court must conclude that it would have appeared had an investigation been done. In the same respect, the purchase of title insurance would have either exposed the second mortgage or protected them against the loss they now face.

In light of these considerations, this Court must find that the Plaintiff's reliance on the statement in the contract was not reasonable. The Plaintiffs were in a superior position to protect their interests and had a duty to do so. Their failure to adhere to the basic standards of their profession is conduct which indicates that they did not reasonably rely on the contract. Since reliance is that degree of care which would be exercised in an average transaction between persons under similar circumstances, these Plaintiff's cannot be held to a standard of care lower than that which they, as real estate salespersons, would propose to others. Without having purchased title insurance or accomplished a title search, this Court holds that there has not been reasonable reliance on the representations of the Debtor. Accordingly, all the elements of 11 U.S.C. § 523(a)(2)(A) have not been satisfied and the debt must be declared dischargeable.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the debt to the Plaintiffs be, and it hereby is, held DISCHARGEABLE.