In re Theodore J. & Patricia A. SAHADI, Debtors.

The HUNTINGTON NATIONAL BANK, Plaintiff,

v.

Theodore J. SAHADI, Defendant.

Bankruptcy No. 84–0160.
Related Case: 84–0160.

United States Bankruptcy Court, N.D. Ohio, W.D.

June 12, 1985.

Howard B. Hershman, Toledo, Ohio, for plaintiff.

Keithley B. Sparrow, Toledo, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court for Trial on the Complaint To Determine Dischargeability filed by the Huntington National Bank. At the Trial the parties to this adversary action offered both the evidence and arguments they wished the Court to consider in reaching a decision on the merits of this case. The Court has reviewed the evidence and arguments of counsel, as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the debt addressed in the Complaint should be held DISCHARGEABLE.

## FACTS

The relevant facts in this case do not appear to be in serious dispute. The Defendant-Debtor had been a customer of the Plaintiff for approximately three (3) years prior to the filing of his Petition. During this period, the parties had entered into a number of business transactions including several installment loans and two credit card accounts. Their relationship had been substantially uneventful prior to the filing of this case. On or about September 12,

1983, the Defendant-Debtor applied for an installment loan from the Plaintiff in the amount of Two Thousand Eight Hundred and no/100 Dollars ($2,800.00). In conjunction with that application, the Defendant-Debtor was required to complete a statement respecting his financial situation, including a listing of both his assets and obligations. He was also required to set forth his monthly net income and his fixed expenses. This income and expense accounting reflected that the Defendant-Debtor had an income of approximately One Thousand Two Hundred Four and no/100 Dollars ($1,204.00) per month, and that his fixed expenses were approximately One Thousand One Hundred Fifty and no/100 Dollars ($1,150.00) per month.

The Plaintiff approved the loan and on September 13, 1983, and issued a check to the Defendant-Debtor in the amount applied for. The promissory note which was executed contemporaneously with the issuance of the check required the Defendant-Debtor to make monthly installment payments of One Hundred Thirty-seven and 81/100 Dollars ($137.81) per month commencing on October 15, 1983. On October 12, 1983, the Defendant-Debtor filed his voluntary Chapter 7 Petition with this Court. The schedule of debts filed by the Defendant-Debtor reflects that he owed substantially more debts than were listed on the loan application. Believing that the failure to disclose all of his obligations in the loan application constitutes fraud, the Plaintiff has sought to have this debt determined to be nondischargeable.

## LAW

The Plaintiff has made its allegations of nondischargeability pursuant to the provisions of 11 U.S.C. § 523(a)(2) which states in pertinent part:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive ..."

Under this section, a plaintiff must show: 1) that the statement was materially false, 2) that it had to do with the debtor's financial condition, 3) that it was offered to the plaintiff with the intent to deceive, and 4) that the plaintiff reasonably relied on the statement. *Investors Consumer Corporation, Inc. v. Goff, (In re Goff)*, 17 B.R. 564 (Bkcy.W.D.Ky.1982). It is well established that reasonable reliance is that degree of care which would be exercised in an average business transaction by parties under similar circumstances. *Thorp Credit Inc. of Ohio v. Saunders (In re Saunders)*, 37 B.R. 766 (Bkcy.N.D.Ohio 1984). *In re Ardelean*, 28 B.R. 299 (Bkrtcy.N.D.Ill.1983). This standard imposes a duty on the creditor to make a reasonable inquiry as to the information provided by the statement.

█ In the present case, the record reflects that the financial statement given by the Defendant-Debtor to the Plaintiff was inaccurate as to the total amount of the Defendant-Debtor's outstanding obligations at the time he applied for the loan. However, it also reflects that at the time the application was completed, the Defendant-Debtor had approximately Fifty-four and no/100 Dollars ($54.00) in disposable monthly income. The loan payments which were to be added to the Defendant-Debtor's previous monthly expenses were in the amount of One Hundred Thirty-seven and $81/100$ Dollars ($137.81) per month. Added together, the Defendant-Debtor's monthly expenses would then exceed his monthly income by Eighty-three and $81/100$ Dollars ($83.81). Neither of the parties offered any explanation as to how the Defendant-Debtor would be able to pay monthly expenses which exceeded his income over the same period of time. Nevertheless, the Plaintiff, with full cognizance of the deficit circumstance in which the Defendant-Debtor would be operating under, issued the loan.

In view of these facts, it must be concluded that the Plaintiff did not reasonably rely on the Defendant-Debtor's financial statement. The fact that the Plaintiff voluntarily entered into a situation wherein it was readily apparent that the Defendant-Debtor would be unable to meet the obligations of the loan readily demonstrates this. It goes without saying that it is not a commercially accepted practice to enter into a contract with the knowledge that the obligor will be unable to perform. Similarly, the possession of such knowledge precludes the obligee from asserting that it expected the contract to be fulfilled. Although the facts in this case strongly suggest that the Defendant-Debtor may have obtained the loan with fraudulent intentions, the existence of such intentions does not, in and of itself, render a debt nondischargeable. The Plaintiff must demonstrate each and every one of the elements of the nondischargeability provision. *Simmons v. Landon*, 37 B.R. 568 (Bkcy.N.D. Ohio 1984). Despite the fact that the Plaintiff has apparently demonstrated the existence of all other elements of 11 U.S.C. § 523(a)(2)(B), it has failed to show that its reliance on the financial statement was reasonable. Having failed in this respect, the Plaintiff is not entitled to judgment on its Complaint. Therefore, it must be held that the debt is dischargeable.

In reaching this conclusion, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the debt to the Plaintiff be, and is hereby, held DISCHARGEABLE.

It is FURTHER ORDERED that Judgment be, and is hereby, entered for the Defendant-Debtor.