In re Cassondra Leah BRIGHT, Debtor.

**THORP CREDIT INC. OF OHIO, Plaintiff,**

v.

**Cassondra Leah BRIGHT, Defendant.**

Bankruptcy No. 85–0119.
Related Case: 85–00089.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Jan. 24, 1986.

John C. Intagliata, Toledo, Ohio, for plaintiff.

Harold M. Fitkin, Toledo, Ohio, for defendant-debtor.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court for Trial on the Complaint to Determine Dischargeability. The Court has heard the evidence offered by the parties and the arguments made by counsel. Although the parties have been afforded the opportunity to file post-trial arguments, they have not done so. The Court has reviewed the evidence and arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that Judgment should be granted to the Defendant.

## FACTS

The facts in this case are not subject to serious dispute. On or about September 21, 1984, the Defendant-Debtor applied for a loan from the Plaintiff in the amount of One Thousand Five Hundred and no/100 Dollars ($1,500.00). On her loan application she listed six other entities as creditors to whom she had outstanding debts. At the time of her application the total amount of those debts was approximately One Thousand Six Hundred Fifty-seven and no/100 Dollars ($1,657.00). A review of the credit report that was obtained by the Plaintiff at the time of the application reflected that the Debtor actually had seven outstanding debts. However, two of those debts were to the same creditor, that being the First National Bank. The Debtor's Application reflects an outstanding balance of Two Hundred Fifty-seven and no/100 Dollars ($257.00) owed to First National Bank. The credit report shows a balance of Three Hundred One and no/100 Dollars ($301.00) on one obligation and Seven Hundred Thirty and no/100 Dollars ($730.00) on the second. Although the record is not clear, it appears that the second of these two obligations may have been secured by a 1977 Pontiac automobile which belonged to the debtor.

The testimony reflects that at the time the Debtor submitted her application, the Plaintiff asked the Debtor to offer some collateral in return for the loan. In response to that request the Debtor listed the 1977 Pontiac as well as a "bedroom outfit, dining table". She valued the automobile at approximately Six Hundred and no/100 Dollars ($600.00) and the furniture at approximately One Thousand Three Hundred and no/100 Dollars ($1,300.00). It does not appear that the Plaintiff requested the Debtor to produce the title to the automobile or inquired as to the existence of any liens against it. It also does not appear that the Plaintiff made any attempt to verify the value of the furniture or the nature of the Debtor's interest in such property.

On January 22, 1985, the Debtor filed her voluntary Chapter 7 Petition with this Court. The schedules filed with that Petition listed the Plaintiff as the only creditor holding security. The only collateral listed as subject to that security interest was the furniture. No reference to the automobile is made. On February 19, 1985, the Debtor filed her Statement of Intentions with respect to secured property. On that statement she indicated her intent to surrender the property to the Plaintiff. The Plaintiff filed an Application to Abandon the property on April 19, 1985. That Application was granted on May 7, 1985. Although the Order of Abandonment indicated that the property had no value to the estate, there was no finding made as to the reason for the absence of such value.

On September 18, 1985, the Debtor amended her Statement of Intentions to reflect that her prior indication of intent to surrender was erroneously made. The error resulted from the fact that the Debtor did not have a present interest in the property, and that her only interest in that property resulted from a future right to its possession. The precise nature of that interest and the event which would give rise to those rights is unclear. She also indicates in her Amended Statement that because of the fact that she has not acquired sufficient rights in the property at the time the loan application was submitted, she was unable to convey a security interest in the property.

As a result of the Debtor's Amended Statement of Intentions and the declaration contained therein, the Plaintiff filed this Adversary Complaint. The Plaintiff seeks to have the outstanding debt of One Thousand Nine Hundred Twenty and no/100 Dollars ($1,920.00) declared to be nondischargeable. Specifically, the Plaintiff alleges that the listing of collateral in which the Debtor did not have a present interest constitutes the use of a fraudulent financial statement for the purpose of obtaining credit. This allegation is made in light of the fact that it appears the operation of Ohio Revised Code Section 1309.15 will preclude the furniture from inclusion in the Plaintiff's security interest.

While it appears as though the foregoing facts are not in dispute, the parties are not in agreement as to the issue of whether or not the Debtor disclosed, at the time she completed her loan application, the nature of her interest in the furniture. The Debtor testified that she disclosed the circumstances of her interests in the furnishings, and that the Plaintiff accepted the property as collateral despite her disclosure. The Plaintiff testified that no such disclosure was made.

## LAW

■ The provisions of 11 U.S.C. Section 523(a)(2) state in pertinent part:

(a) A discharge under section 727, 1141, or 1328(b) of this title ... does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive ...

In order to have a debt declared nondischargeable under this provision, a plaintiff must show: 1) that the statement was materially false, 2) that it had to do with the debtor's financial condition, 3) that it was offered to the plaintiff with the intent to deceive, and 4) that the plaintiff reasonably relied on the statement. *Investors Consumer Corporation, Inc. v. Goff, (In re Goff)*, 17 B.R. 564 (Bkcy.W.D.Ky.1982). It is well established that reasonable reliance is that degree of care which would be exercised in an average business transaction by parties under similar circumstances. *Thorp Credit Inc. of Ohio v. Saunders (In re Saunders )*, 37 B.R. 766 (Bkcy.N.D.Ohio 1984). *First Security Bank of Fox Valley v. Ardelean (In re Ardelean )*, 28 B.R. 299 (Bkcy.N.D.Ill.1983). This standard imposes a duty on the creditor to make a reasonable inquiry as to the information provided by the statement.

In the present case, it is readily apparent that the loan application was a written statement which made representations regarding the Debtor's financial condition. It is also apparent that the statements as to the Debtor's collateral, as they appear on the application, are materially false. In their present form, the statements as to the furniture would lead a person to believe that she presently owns the property and stands ready to offer it as collateral. However, in light of the declaration made in the Amended Statement of Intent, it appears that such a belief would be incorrect. Therefore, based upon these facts, it must be concluded that two of the elements of this nondischargeability action have been shown.

■ In the present case, there is a dispute as to whether or not the Debtor informed the Plaintiff of her limited interest in the property. However, even if she did not so inform the Plaintiff, there is nothing in the record which shows that the failure to disclose was motivated by an intent to deceive. The financial statement appears to accurately reflect the Debtor's obligations as of the time she applied for the loan. A comparison of the credit report and the Debtor's schedules with the loan application indicates that she substantially revealed her outstanding debts. There has also been no showing that the Debtor never intended to repay the loan once it had been obtained. In the absence of such evidence or other indicia of fraudulent intent which would be representative of the Debtor's state of mind, the fact that the Debtor omitted an explanation is insufficient grounds upon which to find that the Debtor intended to deceive the Plaintiff. Therefore, it must be concluded that the Plaintiff has failed to adequately prove the element of 11 U.S.C. Section 523(a)(2) regarding intent to deceive.

■ Furthermore, in order to prevail in this action the Plaintiff must show that its

reliance on the statement was reasonable. In the present case, the evidence reflects that the Plaintiff made no inquiry as to whether the Debtor actually owned the furniture, and did nothing to verify that it was worth the amount stated by the Debtor on her application. Similarly, the Plaintiff did not ask to see a title to the vehicle, did not inquire as to whether there were any liens against it, and did nothing to verify its value. Without having taken these steps, it cannot be said that the Plaintiff seriously intended to look to the collateral for satisfaction of the loan in the event of default. If the Plaintiff had intended to rely on the collateral, then it is only reasonable to expect that it would have exercised some caution to insure that the collateral would be available in the event of default. Having failed to take such measures, it must be concluded that the Plaintiff did not reasonably relied on the Debtor's representations as to her collateral.

It is well established that a plaintiff must demonstrate each and every element of a cause of action in order to prevail in that action. *See, Simmons v. Landon (In re Landon )*, 37 B.R. 568 (Bkcy.N.D.Ohio 1984). Despite the fact that the Plaintiff has demonstrated to the existence of some of the elements of 11 U.S.C. Section 547(a)(2)(B), it has failed to show that the Debtor intended to deceive the Plaintiff and that it reasonably relied on the financial statement. In view of those failures, it must be concluded that the Plaintiff is not entitled to judgment, and that the Debtor is entitled to have the debt declared to be dischargeable.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the debt to the Plaintiff be, and is hereby, held DISCHARGEABLE.

It is FURTHER ORDERED that Judgment be, and is hereby, entered for the Defendant-Debtor.