**In re Roy L. BENSON, Debtor.**

**John J. HUNTER, Trustee, Plaintiff,**

**v.**

**Roy L. BENSON, Defendant.**

**Bankruptcy No. 82–0146.**
**Related Case No. 81–01108.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

June 4, 1986.

Richard J. Szczepaniak, Toledo, Ohio, for plaintiff.

Roy L. Benson, Van Buren, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court for Trial on the Complaint To Deny Discharge filed by the Trustee in the underlying bankruptcy proceeding. The Court has heard both the evidence and arguments offered by each of the parties. The Court has reviewed the evidence, the arguments, and the entire record in this case. Based upon that review and for the following reasons the Court finds that Judgment on the Complaint should be entered, albeit reluctantly, for the Defendant.

### FACTS

The facts in this case are not in serious dispute. The Defendant-Debtor was an attorney licensed to practice in the State of Ohio. During the period which preceded the filing of the involuntary petition against him, he was engaged in fraudulent activities with respect to funds that he held in trust on behalf of some of his clients. These activities included the diversion and conversion of such funds for his own purposes. The Debtor's testimony indicated that all records of his activities, both legal and illegal, were kept in his business office.

At some time during 1981, the Debtor learned that his unlawful activities had been discovered. He also learned that he was sought by the authorities in connection with those activities. He testified that prior to turning himself in to the authorities he went on a trip for the purpose of "getting his head together". His itinerary included a stop in Lindsay, Ontario to visit friends, to Oklahoma City, Oklahoma to visit a place where he was stationed during his service in the military, and to Lubbock, Texas to stay with his cousin. His journey also included several side trips to other places in Oklahoma and New Mexico. Upon returning to Ohio, he presented him-

self to the authorities. He was subsequently convicted in State Court of offenses relating to his fraudulent activities. Between the time he was taken into custody until he was released from state prison in 1985, the Debtor was incarcerated during all but two weeks of that time.

Shortly after his incarceration, the Debtor was served with an involuntary Chapter 7 Petition. The Petition was uncontested by the Debtor, and an Order For Relief was entered by this Court on July 14, 1981. At the first meeting of creditors the Debtor indicated to the Trustee that he would be willing to cooperate in a reconstruction of his activities. At that time the Trustee requested that the Debtor prepare the Statement of Financial Affairs and Schedules. The Debtor was, however, unable to provide the Trustee with any records, inasmuch as they had apparently been confiscated by law enforcement officials shortly after his activities were disclosed. He also did not complete the Statement of Affairs or the Schedules.

As a result of the Debtor's testimony at the First Meeting of Creditors and the information discovered by the Trustee in a subsequent investigation, certain adversary proceedings were initiated to recover preferential transfers. In an effort to prosecute those actions, the Debtor was called upon to testify in those proceedings by the Trustee. At that time, the Debtor refused to testify, asserting the Fifth Amendment privilege against self incrimination. He indicated that the privilege was asserted as the result of his belief that the Internal Revenue Service and other federal authorities were contemplating criminal actions against him. It should be noted that his application for immunity with the local United States Attorney's Office was denied.

In presenting the evidence in the present case, the Trustee relied solely on the testimony of the Debtor. No independent evidence was introduced. In addition to establishing the foregoing facts, the Debtor's testimony indicated that at all times subsequent to the filing of the petition, he has

been willing to cooperate with the Trustee in the prosecution of the Chapter 7 case. The Debtor did, however, acknowledge that he did not readily cooperate in areas which jeopardized his self incrimination privilege. The testimony also reflected that the Trustee and several other parties met with the Debtor during his incarceration for the purpose of discussing various facts relating to his unlawful activities. The evidence does not reflect with any specificity what information, if any, was asked of the Debtor at those meetings. It also does not indicate the degree to which he did or did not provide the requested information. Although the Debtor admitted that he has not done anything to assist the Trustee, he indicated that there has been no meaningful attempt to obtain such information from him.

In support of his case, the Trustee has argued that this evidence demonstrates the Debtor's failure to cooperate in the prosecution of the underlying Chapter 7 case. Specifically, he argues that the failure to complete the Statement of Affairs and the Schedule, the assertion of his Fifth Amendment privilege, and his unwillingness to provide information is conduct which constitutes grounds upon which his discharge should be denied. He also argues that the Debtor's failure to provide records of his financial affairs, his inability to account for the proceeds of his activities, and his concealment of assets also constitutes grounds for the denial of a discharge. The Debtor summarily opposes the Trustee's assertions, arguing that he did not conceal any assets which would have become part of the estate. He also argues that he has not had any access to his records since the time they were confiscated, and that he has been cooperative on the few occasions the Trustee has inquired about his affairs.

## LAW

■ The provisions of 11 U.S.C. Section 727(a) state in pertinent part:

(a) The court shall grant the debtor a discharge, unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or . . .

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs . . .

Under these provisions, a debtor may be denied a discharge if he transferred or concealed property within one year prior to the filing of the petition with an intent to defraud creditors, if he failed to keep or preserve records of his financial affairs, or if he withheld records of his financial affairs. *Drinker, Biddle & Reath v. Bacher (In re Bacher)*, 47 B.R. 825 (Bkcy.E.D.Pa. 1985). The intent to defraud creditors by withholding either property or records must be actual intent. *Devers v. Bank of Sheridan, Montana (In re Devers)*, 759 F.2d 751 (9th Cir.1985). Furthermore, in order to prevail in this action, the Trustee must prove each of the elements set forth in the statute. *See for example, Simmons v. Landon (In re Landon)*, 37 B.R. 568 (Bkcy.N.D.Ohio 1984).

■ A review of the facts in the present case finds that the Trustee has not established any of the elements required by the provisions of 11 U.S.C. Section 727(a). Specifically, he has not shown that the Debtor concealed any property, that he has with-

held any records of his financial transactions, or that he destroyed any records of his financial transactions. There has been no showing that the local authorities were not in possession of the Debtor's records, or that the Trustee found property which was not disclosed by the Debtor. The evidence reflects only that the Debtor maintained some records of his affairs, and that his ill-gotten gains were virtually disposed of during the course of his activities. The extent and location of those records has not been established at this Trial or at any other proceeding in this case. The only evidentiary value attributable to the Debtor's testimony is that it gives a reasonable person grounds upon which to suspect that some concealment occurred. Standing by itself, as it does in this case, a suspicion is not sufficient to establish the elements of 11 U.S.C. Section 727(a).

In addition, the Trustee has not presented any evidence which sufficiently establishes the existence of any actual intent on behalf of the Debtor to defraud, delay, or hinder creditors. While it appears that the Debtor did not prepare the Statement of Affairs and Schedules, and did nothing to assist the Trustee in the preparation of such documents, there is no evidence which sets forth, with specificity, the occasions on which the Trustee requested information from the Debtor. Similarly, there has been no showing as to the times, places, or circumstances on which the Trustee or other creditors have inquired of the Debtor. Although the Debtor asserted the Fifth Amendment privilege during the course of certain adversary proceedings, at the time the privilege was asserted it appeared that there were arguable grounds for its assertion. Furthermore, the failure to testify, as set forth in 11 U.S.C. Section 727(a)(6), is not an allegation alleged in the Complaint. The only evidence before this Court indicates that the Debtor went on a trip after learning that his activities had been revealed, that he was incarcerated after his return, and that he did not actively participate in the prosecution of his liquidation petition. Such evidence does not establish proof upon which this Court can hold that all elements of any allegation in the Complaint are present. Accordingly, it must be concluded that the Plaintiff has failed to show all of the requirements of 11 U.S.C. Section 727(a), and that he is not entitled to an Order denying the Debtor's Discharge.

In reaching this conclusion, the Court has considered all the evidence and arguments of the parties, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that Judgment be, and is hereby, entered for the Defendant.

It is FURTHER ORDERED that the Complaint be, and is hereby, DISMISSED.