In re Roy L. BENSON, Debtor.

John CHALMERS, Plaintiff,

v.

Roy L. BENSON, Defendant.

Bankruptcy No. 82–0145.
Related Cases: 81–01108.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Sept. 13, 1983.

Donald V. Wood, Jr., Findlay, Ohio, for plaintiff.

Roy L. Benson, pro se.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before this Court upon the Motion of the Plaintiff for Summary Judgment. When this case was originated in this Court it was an action to remove a case from the Hancock County Court of Common Pleas to this Court. In that action, the Plaintiff was suing the Defendant on a promissory note and for fraud in connection with that note. In an Order dated July 26, 1982, the State Court action was transferred to this Court.

On September 21, 1982, the Plaintiff filed a request for admissions from the Defendant. Counsel for the Plaintiff certified service of the request to the Defendant. The request sought to elicit concessions as to substantially all of the allegations stated in the complaint. The action was brought in two counts. The first count set forth an action on a demand note. The second count alleged an action for fraud in connection with the execution of the note. The allegations of fraud contend that the Defendant wrongfully induced the Plaintiff to advance Twenty-one Thousand and no/100 Dollars ($21,000.00) in return for a promissory note that the Defendant never intended to honor. There has been no response to the request for admissions, nor has the jurisdiction of this Court been challenged. .

Federal Rule of Civil Procedure 36, as made applicable by Bankruptcy Rule 736, states that when a request for admissions is made the matters asked are deemed admitted unless the responding party answers, denies, or objects to the request within thirty (30) days. Since no response to the request was made, this Court Ordered the matters admitted on December 23, 1982.

Subsequent to that Order, the Plaintiff filed this Motion for Summary Judgment. The Motion contends that as a result of the Defendant's admissions there exists no genuine issue as to any material fact which requires this Court's consideration, and therefore, the Plaintiff is entitled to judgment as a matter of law. The Motion is unopposed.

A review of the request for admissions finds that the Defendant wrongfully induced the Plaintiff to transfer Twenty-one Thousand and no/100 Dollars ($21,000.00) by representing certain circumstances which were either untrue or never intended to be fulfilled. It also admits that there is due and owing on the promissory note Twenty-one Thousand and no/100 ($21,000.00) Dollars, plus interest at the rate of ten per cent (10%) per annum from March 18, 1981.

With regard to the Plaintiff's action for fraud, such an action for fraud requires proof that the Defendant 1) made false representations of facts material to the transactions; 2) knew of the falsity; 3) that the representations were made with the intent to deceive; 4) that the Plaintiff reasonably relied on the representations; and, 5) the reliance resulted in damages. 24 Ohio Jur.2d *Fraud and Deceit* § 20. A review of the admissions reflects that the element of reliance is not established or addressed. A further review of the record finds that no evidence of reliance is offered. Without some grounds upon which to make a finding as to reliance a cause of action for fraud cannot be maintained, inasmuch as all elements of fraud must be shown. Therefore, summary judgment must be granted for the Defendant on this cause of action.

 The Plaintiff's Complaint also asserts a cause of action on the promissory note. In support of this action the Plaintiff has submitted the note and his affidavit. The affiant states that the note was executed by the Defendant and that the copy attached to the Complaint is a true and accurate representation of the original. The note does not set forth a date certain upon which payment is due. It therefore, constitutes a demand note payable at any time upon presentation to the maker. Ohio Revised Code § 1303.07. Since an action on a demand note only requires the execution of the note, Ohio Revised Code § 1303.21, it must be held that the Plaintiff has submitted sufficient evidence of execution to hold that there is no further material question which need be considered. Accordingly, summary judgment should be granted to the Plaintiff on this cause of action.

The Complaint prays for damages in the amount of Twenty-one Thousand and no/100 Dollars ($21,000.00) plus interest as compensatory damages, and One Hundred Thousand and no/100 Dollars ($100,000.00) as exemplary damages. Punitive damages are not available unless the Defendant's conduct has been willful and wanton. *Marr v. Rife,* 503 F.2d 735 (6th Cir.1974). In this case the Plaintiff has not prevailed on the action asserting fraud, thereby foreclosing the possibility of recovering punitive damages.

The Defendant also prays for the accumulated interest between the date the note was executed and the present time. However, interest on an unsecured note does not continue to accrue once the automatic stay of 11 U.S.C. § 362 is imposed. 11 U.S.C. § 502(b)(2). In this case the automatic stay became effective when the Order for relief was granted on this involuntary petition. Therefore, the Plaintiff may only recover interest from the date the note was executed until July 14, 1981, the date the relief was Ordered.

In reaching this conclusion, this Court has considered all the evidence, whether or not specifically referred to in this Opinion.

It is ORDERED that the Plaintiff's Motion for Summary Judgment be DENIED as to the second Count of the Complaint.

It is FURTHER ORDERED that the Motion for Summary Judgment be GRANTED as to the first count of the Complaint. Judgment is hereby GRANTED to the Plaintiff in the amount of Twenty-one Thousand and no/100 Dollars ($21,000.00) plus interest at the rate of ten per cent (10%) per annum, subject to the terms expressed by this Opinion.

It is FURTHER ORDERED that the Plaintiff's judgment hereby be subject to the underlying bankruptcy proceeding.

It is FURTHER ORDERED that service of this Memorandum Opinion and Order shall be made by the Deputy Clerk of this Court mailing copies of same to all parties in interest and counsel of record in the above adversary proceeding.