**In re HARTWIG POULTRY, INC., Debtor.**

**HARTWIG POULTRY, INC., Plaintiff,**

**v.**

**AMERICAN EAGLE POULTRY, INC., et al., Defendants.**

**Bankruptcy No. 84–0212.
Related Case: 82–02227.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Dec. 11, 1985.

John J. Hunter, Toledo, Ohio, for plaintiff.

Nicholas J. Cron, Toledo, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion For Summary Judgment filed by the Plaintiff against the Defendant, Cron Tire & Supply Company (hereinafter Cron). The parties have filed their argu-ments as to the merits of this Motion and have had the opportunity to respond to the arguments made by opposing counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion For Summary Judgment should be GRANTED.

## FACTS

The facts in this case do not appear to be in dispute. On or about August 9, 1982, Cron sold the Plaintiff/Debtor-In-Possession certain items of personal property. Although a review of the exhibits appears to reflect that the items were an inventory of shelf items, their precise nature is unclear. The total sale was in the amount of Five Hundred Forty-one and 23/100 Dollars ($541.23). On or about September 21, 1982, the Debtor-In-Possession issued a check to Cron in the amount of the August 9, 1982, sale. This check was negotiated by Cron and was paid by the drawee bank on October 5, 1982. The Debtor-In-Possession filed its voluntary Chapter 11 Petition with this Court on October 19, 1982. In this adversary action, the Debtor-In-Possession has attempted to avoid the transfer to Cron under the provisions of 11 U.S.C. Section 547. In furtherance of that action, the Debtor-In-Possession has moved for Summary Judgment on the Complaint against Cron. In support of the Motion, the Debtor-In-Possession has offered the affidavit of counsel, who avers to the fact that as of the filing of the Petition, the Debtor-In-Possession had approximately One Hundred Seventy Thousand and no/100 Dollars ($170,000.00) in assets, and approximately One Million Eight Hundred Thousand and no/100 Dollars ($1,800,000.00) in liabilities. It has also offered copies of the checks and invoices which reflect the dates in question. Cron has not offered any additional evidence which contradicts that which was presented by the Debtor-In-Possession. It has offered evidence of another transaction between these parties which is not subject to this action.

**334**

## LAW

Prior to the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353, the provisions of 11 U.S.C. Section 547 stated in pertinent part:

(b) ... the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of the creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition;

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

(c) The trustee may not avoid under this section a transfer—

(1) to the extent that such transfer was—

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange;

(2) to the extent that such transfer was—

(A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made not later than 45 days after such debt was incurred;

(C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(D) made according to ordinary business terms.

The pre-amendment version of that section is applicable to this adversary proceeding, inasmuch as the Chapter 11 case was filed prior to the effective date of the amendments. *See,* P.L. 98–353 Section 553(a).

Under these provisions, a trustee or a debtor-in-possession, *see,* 11 U.S.C. Section 1107, may avoid the transfer of an interest of the debtor in property which was made to a creditor on account of an antecedent debt within ninety (90) days prior to the petition if the debtor was insolvent at the time of the transfer and if the transfer enables the creditor to receive more than they would have received in a Chapter 7 proceeding had the transfer not been made. *Allison v. First Nat. Bank & Trust Co. (In re Damon),* 34 B.R. 626 (Bkcy.D.Kan. 1983).

A trustee can not avoid a transfer which was intended by the debtor, and which was, in fact, a contemporaneous exchange for new value. *Ray v. Security Mutual Finance Corp. (In re Arnett),* 731 F.2d 358 (6th Cir.1984). The most determinative factor in assessing whether or not a transfer was a contemporaneous exchange is the intent of the parties to create such an exchange. *McClendon v. Cal-Wood Door (In re Wadsworth Bldg. Components, Inc.),* 711 F.2d 122 (9th Cir.1983). A trustee may also not avoid any transfer to the extent it was payment of an ordinary business expense which was incurred within forty-five (45) days prior to the time the transfer was made. *Quinn v. TTI Distribution Corp. (In re Moran Air Cargo, Inc.),* 30 B.R. 406 (Bkcy.R.I.1983). It is generally held that when a transfer to a creditor is accomplished by check, the transfer does not occur until the check is honored by the drawee bank. *See, Harris v. Harbin Lumber Co. of Royston, Inc. (Matter of Ellison),* 31 B.R. 545 (Bkcy.M. D.Ga.1983).

A party is entitled to a summary adjudication if they can demonstrate that there are no genuine issues as to any material fact and that they are entitled to judgment as a matter of law. *See,* Bankruptcy Rule 7056, Federal Rules of Civil Procedure 56. However, a plaintiff must be able to demonstrate all elements of a cause of action in order to prevail. *See, Chalmers v. Benson*

(*In re Benson*), 33 B.R. 572 (Bkcy.N.D. Ohio 1983), *Simmons v. Landon* (*In re Landon*), 37 B.R. 568 (Bkcy.N.D.Ohio 1984).

■ In the present case, a review of the facts finds that the Debtor-In-Possession transferred property to Cron, and that the transfer occurred within ninety (90) days prior to the filing of the Debtor-In-Possession's Petition. The facts also reflect that at the time of the transfer Cron was a creditor of the Debtor-In-Possession by virtue of the debt it owed for the August 9, 1982, purchase. The affidavit of counsel and a review of the Debtor-In-Possession's schedules indicate that the Debtor-In-Possession's liabilities significantly exceeded its assets, and that an administration of its assets would result in Cron, a general unsecured creditor, receiving less than what was received as a result of this transfer. In view of the presumption of insolvency which is afforded to the Debtor-In-Possession under 11 U.S.C. Section 547(f), it appears as though all the elements of a preference have been demonstrated. Accordingly, it must be concluded that there are no questions of material fact as to the existence of a preferential transfer, and that in the absence of a viable defense, the Debtor-In-Possession is entitled to judgment.

The Defendant Cron has offered as its defense the fact that transfer was a payment of an expense which was incurred in the ordinary course of the Debtor-In-Possession's business. Although it appears Cron could also have arguably asserted the contemporaneous exchange defense, it has not done so. As previously indicated, in order to prevail with its defense, Cron must demonstrate that the transfer was made according to ordinary business terms, that it was paid in the ordinary course of the Debtor-In-Possession's operations, and that it was paid within forty-five (45) days from the time the debt arose.

■ A review of the facts finds that the time which elapsed between the sale of the property and the execution of the check was forty-four (44) days. However, the date on which the check was executed is not relevant for determining when the transfer was made. As cited previously, the date the check was presented to and paid by the drawee bank is the date the check was presented to and paid by the drawee bank is the date on which a transfer is regarding as having occurred. *Harris v. Harbin Lumber Co. of Royston, Inc.*, supra. In this case, it is clear that the check was paid by the drawee bank on October 5, 1982. This date extends beyond forty-five days the time which passed between the creation of the debt and the transfer of property. Although the Defendant has offered evidence to show that the terms of this transfer were within the ordinary course of the parties' dealings, this is not the only fact which must be shown in order to prevail on the defense. It must also be shown that the transfer was made within forty-five (45) days of the sale. In this case the Defendant is unable to do so. Accordingly, it must be concluded that Cron's defense is without merit. It must also be concluded that the Debtor-In-Possession, having proved the elements of a preferential transfer, is entitled to judgment as a matter of law.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED the Motion For Summary Judgment be, and is hereby, GRANTED.

It is FURTHER ORDERED that Judgment on the Complaint be, and is hereby, GRANTED to the Plaintiff against the Defendant, Cron Tire & Supply Company, in the amount of Five Hundred Forty-one and 23/100 Dollars ($541.23).