**In re C. ACELOR, Debtor.**

**Bankruptcy No. 94–12375–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

June 22, 1994.

Frank Wolland, North Miami, FL, for creditors Rolando Gamboa and Eva Gamboa.

Charles Acelor, debtor, pro se.

Robert Roth, Trustee, Miami, FL.

## ORDER ON FURTHER HEARING ON EMERGENCY MOTION FOR RELIEF FROM STAY

A. JAY CRISTOL, Chief Judge.

THIS MATTER came on for further hearing on June 17, 1994 at 5:00 p.m. upon the Emergency Motion for Relief from Stay filed by Rolando Gamboa and Eva Gamboa, his wife ("Movants").

### *BACKGROUND*

Movants are the owners of the property of which the Debtor and his wife are in possession.[1] The Debtor and his wife are in possession of the property under an expired lease and no rent has been paid since April 1994. Debtor and his wife have no interest in the property. Movants filed an action in State Court to evict Debtor and his wife from the property and on May 4, 1994 a Final Judgment of Eviction was entered, awarding movants possession of the property, with a Writ of Possession to issue on May 12, 1994. (Dade County Court Case No. 94–4057 CC 23).

On May 9, 1994 an Involuntary Chapter 7 Bankruptcy Action was filed against Debtor's wife, Miyako Acelor, in the Central District of California (Case No. LA 94–27625 CA). On June 6, 1994, Judge C. K. Ashland of the U.S. Bankruptcy Court for the Central District of California entered an Order granting relief from the automatic stay. Once again, on June 10, 1994, a Writ of Possession was entered in the Dade County State Court Eviction action.

On June 14, 1994, on the eve of the eviction, Debtor Charles Acelor filed *pro se* the instant Chapter 13 Bankruptcy action. The Petition was bare bones filing with no schedules and failed to disclose the pending California bankruptcy case.

The Gamboas' Emergency Motion for Relief from Stay was initially heard on June 15,

---

1. Movants purchased the property in February 1994. The Debtor and his wife were tenants on the property under a lease which expired in April 1994.

1994. The Debtor, although receiving notice of the Emergency hearing, chose not to be present. Debtor's wife appeared at the hearing but was not permitted to represent Debtor because she is not a lawyer. She advised the Court that her husband was out of town and would not return until after 4:00 p.m. Friday, June 17, 1994. At the conclusion of the June 15, 1994 hearing, the Court granted Movants stay relief. The issuance of a Writ of Possession was authorized, with execution of said Writ by the Dade County Sheriff no sooner than Monday, June 20, 1994 at 8:00 a.m. The Court also granted the Debtor, Mr. Charles Acelor, the opportunity to appear in court Friday, June 17, 1994 to offer any defense he might have to the Motion and to explain why he should be entitled to remain in possession while having no lease and having paid no rent for two months.

Mr. Acelor came before this Court on Friday, June 17, 1994 at 5:00 p.m. Mr. Acelor merely stated that he did not feel comfortable proceeding without an attorney. He also stated that the involuntary bankruptcy in California "affected the wrong property." He also demanded "due process." Mr. Acelor offered no reason for why he should be entitled to remain in possession of Movants' property.

## DISCUSSION

The pending Bankruptcy action in California has no effect on the instant matter. Section 362 of the Bankruptcy Code provides:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title ... operates as a stay....

 The Court is aware there is a split of authority as to when the automatic stay becomes effective in an involuntary proceeding. Some courts have held that the automatic stay is effective upon the date of the filing of the bankruptcy petition, whether voluntary, joint, or involuntary.[2] Other courts have held that the automatic stay becomes effective when the order for relief is entered.[3]

Sections 301 and 302 of the Bankruptcy Code provide that the mere commencement of a voluntary or joint case "constitutes an order for relief under such chapter." Section § 303 governing involuntary cases provides no such language regarding an order for relief upon commencement of an involuntary petition. Rather, under § 303, when an involuntary petition for bankruptcy is filed, no immediate order for relief is entered and the debtor is free to operate debtor's business as if an involuntary case had not been commenced. 11 U.S.C. § 303(f). It is not reasonable to assume that Congress intended that a Debtor be permitted to continue to carry on business and use and dispose of property while creditors stand on the other side of a shield created by the automatic stay. To obtain the benefits of the Bankruptcy Code it is logical that one must bear the burdens.

The omission from § 303 of language indicating that the commencement of an involuntary case constitutes an order for relief can not be presumed to be an oversight by Congress. There is a presumption that Congress acts with intention. It can not be presumed that the intent of Congress was to provide that all acts of creditors are totally stayed upon the filing of an involuntary petition whilst the debtor is free to wander the financial meadows without any controls or inhibitions as to its acts or omissions.[4] Read together, Section 362 and Sections 301, 302 and 303 of the Code provide that protection under the automatic stay is provided immediately upon commencement of the filing of a voluntary or joint case, but not an involuntary case. Accordingly, the pending involun-

---

**2.** *In re Oxford Dev., Ltd.,* 115 B.R. 216 (Bkrtcy. W.D.Mo.1990); Collier on Bankruptcy, Vol. 2, ¶ 362.03 (15th Ed.1994).

**3.** *In re Benson,* 33 B.R. 572 (Bkrtcy.N.D.Ohio 1983).

**4.** Section 303(f) of the Bankruptcy Code provides: Notwithstanding section 363 of this title, except to the extent that the court orders otherwise, *and until an order for relief in the case,* any business of the debtor may continue to operate, and the debtor may continue to use, acquire, or dispose of property as if an involuntary case concerning the debtor had not been commenced. (italics provided)

tary bankruptcy action in California against Debtor's wife (Case No. LA 94–27625 CA) has no effect on the instant matter.[5]

 As to the automatic stay which went into effect upon Debtor's filing the instant case before the court, the Debtor failed to demonstrate any legal or equitable interest in the property. Moreover, although given the opportunity at a specially set hearing on Friday, June 17, 1994, the Debtor also failed to offer any defense, legal or equitable, to the Gamboas' Motion. In every instance to date the Debtor has received due process and the Gamboas have suffered an abuse of process. The Court also advised Mr. Acelor that this case appeared to be a bad faith filing and the Court would hold a further hearing on the issue of bad faith. Accordingly, it is

**ORDERED:** that pro se Debtor's request to vacate the Court's June 17, 1994 Order granting relief from the automatic stay is denied.

---

5. Moreover, Judge C.K. Ashland of the U.S. Bankruptcy Court for the Central District of Cali-fornia entered an Order granting relief from the automatic stay on June 6, 1994.